ELLIS, USE &C., vs. WHITE.

1. When an execution from a justice's court is levied on land in default of personal property, a *venditioni exponas*, or order of sale, from the Circuit Court, is only the means of satisfying the justice's judgment, and does not make it a judgment of that court.
2. The common law is presumed to exist in our sister States, in the absence of an averment to the contrary.
3. By the common law, a justice of the peace had no civil jurisdiction, and his court was not a court of record.
4. Therefore, in declaring on a judgment rendered by a justice of the peace in another State, the declaration is fatally defective on demurrer, if it does not affirmatively show that the justice had jurisdiction by force of a local statute.

APPEAL from the Circuit Court of DeKalb.

Tried before the Hon. THOMAS A. WALKER.

DEBT on a judgment rendered by a justice of the peace in Polk county, Tennessee, in favor of Jesse Ellis, for the use of James Campbell, against George White. The court sustained a general demurrer to the declaration, and this is assigned for error.

BENJ. F. PORTER, for the appellant :

1. A demurrer only raises a question as to the sufficiency of the allegations in law to authorize a recovery. Every thing necessary to give jurisdiction, is alleged here. If there was any matter of evidence, it could not be inquired of by demurrer.

2. Under the constitution and act of Congress, the judgment of one State is conclusive.—Westerfield v. Lewis, 2 McLean 511 ; Crawford v. Simonton's Exr's, 7 Port. 110.

3. If it was intended by the demurrer to raise a question as to the right to sue on the judgment, being rendered originally by a justice, this was precluded, 1st, by the certificates of the clerk and justice, which give the record verity (Hughes v. Harris, 2 Ala. R. 269 ; McGee *et al.* v. Sheffield, 3 S. & P. 351) ; for all that appears, we may have been provided with legal proof that such proceedings in Tennessee are records, *sui generis* ; 2d, by the fact alleged, that the execution after

the proceedings were removed into the Superior Court, is returnable there. It could as well be objected, that a Circuit Court judgment, rendered upon an attachment, had no validity, because a justice issued the process, returnable into a higher court. The statute authorizing this would be a matter of proof, not of allegation. No allegation is necessary which merely anticipates a plea, beyond the general issue. *Nul tiel record*, and payment, were the only pleas to be put in, and as against these, the allegations are ample.

JAMES B. MARTIN, *contra :*

The demurrer to the declaration was properly sustained, first, because it was not averred that justices' courts in Tennessee are courts of record, and, secondly, because it was not averred that the person styled "justice of the peace" was sitting as a court when the judgment was rendered, nor that said act was done within his jurisdiction, nor that any suit was pending which resulted in said judgment ; nor is it shown that said justice had jurisdiction over the amount, or over the defendant, or that he acted as a judicial officer.

There is no cause of action stated with that degree of reasonable certainty which the law requires. It cannot be determined from the declaration, whether a recovery is sought upon the judgment rendered by the justice, or upon that which is said to have been rendered in the Circuit Court on a removal of the cause in some way not explained by the declaration.

CHILTON, C. J.—The declaration is upon a judgment rendered by a justice of the peace, in Polk county, in the State of Tennessee, an execution on which was levied on land, and returned to the Circuit Court, where an order for the sale of the land was made ; and a balance remaining due after such sale, this suit is to recover that balance. A demurrer to it was sustained, and we think very properly. The proceedings had in the Circuit Court, did not make it a judgment of that court ; but a *venditioni exponas*, or order of sale, was merely granted as a means of satisfying the justice's judgment.

Considered as an action upon the judgment rendered by a

justice of the peace in a sister State, the declaration is fatally defective. We must presume, in the absence of averments to the contrary, that the common law obtains in our sister States of the Union. By that law, a justice of the peace had no civil jurisdiction.—Marshall v. Betner, 17 Ala. 836 ; Crabb's His. Eng. Law 278. Whenever, therefore, they exercise civil jurisdiction, it must be by virtue of local statutes, or without authority of law.

In Sheldon v. Hopkins, 7 Wend. 435, plaintiff declared in debt on justice's judgment rendered in Vermont, and averred "that it was recovered in the county of Bennington, in that State, before J. P. Esquire, one of the justices of the peace in and for said county, then and still being such justice, and having full power and competent jurisdiction in said cause, by the confession of the defendant ; and that by the consideration and judgment of the said justice, the plaintiff recovered judgment against the defendant, for the sum of $171 debt," &c. On demurrer, the court (Nelson, J.,) said : "The declaration is, no doubt, defective, in not setting forth facts sufficient to give jurisdiction to the justice. The statute giving jurisdiction to the justice ought to have been pleaded. It is well settled, that the general averment of jurisdiction is not enough.—3 Wend. 267 ; 6 ib. 438 ;" and judgment was given for defendant, with leave to amend.

The declaration in the case before us is more defective than in that ; for it is not even averred here that the justice had jurisdiction. It is said the judgment will appear by the record, but, as was said in McGee & Richardson v. Sheffield, 3 S. & P. 353, "We are not authorized to presume that such courts are made courts of record by the laws of Tennessee."

The judgment sustaining the demurrer was right, and it is consequently affirmed.