[Johnson v. Dismukes.]

104 520
108 125

# Johnson v. Dismukes.

*Proceedings on Execution issued by Justice of the Peace and certified to City Court.*

1. *Order of sale on execution issued by justice of the peace; when void.*—When the levy of an execution issued by a justice of the peace is made upon land, and the papers in the cause in which the judgment was rendered are certified by the justice of the peace to the circuit court, or court having like jurisdiction, during a regular term, and an order of sale is granted by said court at the then pending term such order of sale is void, since the statute, (Code, § 3359), requires that the proceedings should have been certified to the next term of the court after the levy of the execution.

2. *Appeal; when judgment will not support it.*—When a court renders a judgment void on its face, because of the want of jurisdiction, it is its duty, on a proper motion, to vacate it at any time subsequent to its rendition ; and such judgment or order of the court vacating the former void judgment is not a final judgment or order from which an appeal will lie.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

On March 14, 1894, Thos. L. Johnson recovered a judgment in the justice of the peace court against L. W. M. Dismukes for the sum of $43.64, and costs of suit. On March 22, the justice of the peace issued an execution upon said judgment, and the constable to whom the execution was delivered levied the same upon certain described real estate of the defendant on April 4, 1894 ; the indorsement of the constable upon the execution reciting that the defendant had no personal property known to him, subject to said execution. Upon the levy of this execution upon the lands of the defendant, the constable gave him due notice, and returned the said execution with his indorsement thereon and said written notice with the indorsement of service thereon to the justice of the peace from whom the execution was issued. The justice thereupon made a transcript of the proceedings in the said cause, and certified them to the clerk of the city court of Gadsden on April 9, 1894, during

[Johnson v. Dismukes.]

a regular term of said court. On April 11, 1894, during
the same term of the city court, the plaintiff in
execution moved the court for an order of sale of
the real estate, which had been levied upon under said
execution. On April 14, 1894, at the same term of the
city court, this motion of the plaintiff was granted, and
the order of sale was made and entered by the court.
On April 21, L. W. M. Dismukes, the defendant in exe-
cution, moved the court to set aside the order of sale
theretofore granted by said court on April 14, 1894, upon
the grounds, among others, (1), that said order of sale
was made without due and sufficient notice to the de-
fendant; (2), that the court was without jurisdiction to
render said order of sale; (3), that the justice of the
peace did not transmit the papers in the cause and the
judgment direct to the circuit court or orther court having
like jurisdiction, after the levy of the execution; (4), that
the order of sale was granted prematurely, it being gran-
ted at the then pending term of the city court, instead
of at the next term of the city court after the levy of the
execution.

Upon the hearing of this motion, at which time the
facts as above stated were shown, the court granted the
motion and set aside the order of sale, which had been
previously made by him, and to this judgment the plain-
tiff in execution duly excepted; and now assigns the
rendition thereof as error on this appeal prosecuted by
him.

The appellee made a motion in this court to dismiss
the appeal, on the ground that the judgment appealed
from was not a final judgment, and was not such a judg-
ment as will support an appeal.

GEORGE D. MOTLEY, for appellant.

GOODHUE & SIBERT, contra.

BRICKELL, C. J.—The jurisdiction of the circuit
court, or court having like jurisdiction, to order a sale of
lands levied on under execution issued by a justice of
the peace, is derived from the statute. (Code, § § 3359,
3862). An essential element of the jurisdiction is, that
all the papers in the cause in which the judgment was
rendered, upon which the execution was issued, shall by

the justice be transmitted to the next term, after the levy of the execution, of the court from which it is proposed to obtain the order of sale. This is the plain, unequivocal mandate of the statute, which must be obeyed, or the jurisdiction of the court can not be called into exercise. The levy of the execution seems to have been made, and the papers transmitted by the justice to the city court during a regular term. But at that term the court could not take jurisdiction, and make an order of sale. The court could act only at the time the statute prescribes; and if from any cause, prior to the term appointed, the order should be made, it would be void. When a court renders a judgment void on its face, it is a duty, on a proper application being made, to vacate it, at any time subsequent to its rendition.—2 Brick. Dig. 140, § 137. The city court properly vacated the order of sale granted prior to the term next succeeding the levy of the execution, and the transmission into the court of the papers before the justice. The order was void on its face, and it was a duty to expunge it from the record, so that it would not be a hindrance to the subsequent exercise of the rightful jurisdiction of the court.

The judgments of the city court, by the terms of the statute creating the court, become final on the expiration of ten days from their rendition, as the judgments of all courts become final, according to the common law, on the close of the term, at which they were rendered.—Pamph. Acts, 1890–91, § 27, p. 1102. The court is not thereby inhibited from the exercise of the power, pertaining to all courts, to vacate judgments or orders void on their face because of a want of jurisdiction. Such judgments or orders are not final, in any proper sense of the term. They are not sentences or decisions, determining the merits of the cause, and terminating the particular suit or proceeding. The vacation of the order prematurely granted, was not a final judgment, from which an appeal will lie. The original proceeding instituted by the transmission of the papers by the justice of the peace, and the motion for the order of sale, remained pending in the court, unaffected, undetermined by the vacation of the premature order. The order, judgment, or decree of a court, made during the pendency of a cause, not affecting its merits, nor precluding further proceedings, is not

the matter of an appeal.   The motion to dismiss the appeal must be granted.

Appeal dismissed.