# Johnson v. Johnson et el.

## *Trial of Right of Property.*

*Trial of right of property; at what term triable.*—On a trial of right of property in goods and effects,levied upon under execution, the court has no jurisdiction to render judgment at the same term that the affidavit and claim bond are lodged with the sheriff.

APPEAL from Gadsden City Court.

Tried before Hon. JOHN H. DISQUE.

The appellant Thomas L. Johnson recovered a judgment in the City Court of Gadsden against D. H. Johnson, upon which execution was issued, and on October 24th 1894, the execution was levied upon certain personalty as the property of the defendant. Upon the day of the levy, the appellees, Nancy Johnson and L. M. Gordan made an affidavit claiming the property, and executed the requisite claim bond. These papers were returned into court by the sheriff at once, and at a subsequent day of the same term at which the execution was issued, an issue was formed between the plaintiff and the claimants, to try the right to the property, which issue was found in favor of the plaintiff. After this, during the same term of court, the claimants filed a motion to set aside the judgment and reinstate the cause, on the ground that the court had no jurisdiction to try the right to the property at the same term of court that

the claim was lodged with the sheriff. This motion was granted, and therefrom the plaintiff appealed.

GEORGE D. MOTLEY for appelant. 'The making of the bond and affidavit was the begining of the suit, and the trial was only a question of time. *McAdams v. Beard* 34 Ala. 474: This was waived by going to trial without objection 12 Am. and Eng. Enc. L. 300, Note 5.

W. H. STANDIFER *contra*, cited *Johnson v. Dismuke*, 104 Ala. 520 ; 63 Ala. 35 ; 73 Ala. 390 ; 20 Ala. 451 ; 23 Ala. 155 ; 20 Ala. 387.

McCLELLAN, J.—The city court in setting aside its previous judgment proceeded on the theory that whether the suit had in a sense been commenced or not by the lodgment of an affidavit and claim bond with the sheriff, those papers were not properly in the court and the case was not properly before the court when the judgment was rendered, since the statute only authorized their return to a subsequent term of the court ; and hence that the jurisdiction of the court over the subject matter had not attached when the judgment was rendered, and it was void. The case in this view is not distinguished in principle from that of *Johnson v. Dismukes*, 104 Ala. 520; and upon the authority of that case the judgment vacating the former judgment must be
Affirmed.