# Moog *v.* Doe, *ex dem.* McDermott, *et al.*

## *Ejectment.*

(DECIDED FEB. 17, 1906, 40 So. REP. 390.)

*Execution from Justice Court; Return of Levy; To What Court Made.*—The city court of Mobile is without jurisdiction to make an order for a sale of lands levied on by attachment from a Justice Court, return of which was made to the said City Court, under §§ 481, 574, 944, 1947 and 1948, Code 1896.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by John Doe on the demise of J. McDermott, et al. against Delphine Moog to recover certain land. The facts sufficiently appear in the opinion.

[Moog v. Doe, *ex dem.* McDermott, *et al.*]

ERVIN & McALEER, for appellants.—The court erred in admitting in evidence the motion for an order of sale in the city court, the certificate of sale granted by the judge thereof, the petition to substitute the loss of *venditioni exponas,* and the deed executed by the sheriff of Mobile county. The proceedings are statutory and the remedies cannot be extended or enlarged but must be strictly followed as laid down.—*Phillips v. Ash,* 63 Ala. 418; *Jenny v. Budd,* 55 Ala. 409; Code, 1896, §§ 481, 1947, 1948, 574. Under the last section, the city court had no jurisdiction to entertain the proceedings.—Authorities, supra. The purpose of registration is to give notice, and where actual possession is taken of the property conveyed that is as effectual as registration.—*Rankin Mfg. Co. v. Bishop,* 137 Ala. 275; *Tutwiler v. Montgomery,* 73 Ala. 269. What has just been said applies to assignments 6, 7, 8, 9, 10, 11, 14 and 16. The deed from the auditor should have been admitted for the purpose of showing adverse possession under it for three years.—Section 4089, Code 1896. Possession is a fact to which a witness may testify.—*Steed v. Knowles,* 97 Ala. 578; *E. T. V. & G. Ry. Co. v. Davis,* 91 Ala. 621; *Carl v. The State,,* 125 Ala. 102. Section 1005 of the Code under the evidence in this case is no protection for the plaintiff. It protects only judgment creditors.—*Wood v. Lake,* 62 Ala. 493; *Tutwiler v. Montgomery, supra.*

BESTOR, GRAY & BESTOR, for appellee.—The city court of Mobile had jurisdiction to make the order of sale in this case.—*E. & W. R. Co. v. E. T. G. & Ry. Co.,* 75 Ala. 275; *Bledsoe v. Gary & Kennedy,* 95 Ala. 70; *Lowenstein v. Martin,* 105 Ala. 668; Acts 1888-9, p. 210; Acts 1871-2, p. 109; Section 2931, Code 1896. This construction of these acts has become a rule of property in Mobile county, and should not be disturbed. The acts are local acts and in no way affected by the adoption of the Code of 1896; Constitution, par. 110, of Article 4; *Alford v. Hicks,* 38 So. Rep. 752; Section 10, Code 1896. Construing Section 574 of Code in connection with said acts must lead to the conclusion that the city court did have jurisdiction to order the sale of lands in this case.

DOWDELL, J.—The plaintiff's claim of title to the land in question is based upon judicial proceedings had against one John A. Swain, terminating in the sale of the land under a writ of *venditioni exponas* issued from the city court of Mobile and the purchase by the plaintiff at said sale. These proceedings were commenced by attachment issued from the justice of the peace court, and which was regularly levied on the land. The proceedings had in the justice court, including the return of the constable of the levy of the writ on the land, were duly certified and returned into the city court of Mobile, where subsequent proceedings were had on motion for an order of the court for a sale of the lands so levied on. The defendant objected to the introduction in evidence of the proceedings so had in the city court of Mobile on the ground that said court was without jurisdiction. This objection was overruled by the trial court and the evidence admitted, to which ruling the defendant excepted.

Section 2 of an act entitled "An act to confer civil jurisdiction upon the city court of Mobile" (Acts 1871-72, p. 109), reads as follows: "Be it further enacted that from and after the passage of this act, jurisdiction in civil causes (except in actions to try titles to land) be and is hereby conferred upon the city court of Mobile county and all powers of a civil nature now exercised by the circuit courts of the state and the judges thereof, be and are hereby conferred upon the city court of said county and the judge thereof." Section 944 of the Code of 1896 is as follows: "Unless otherwise provided by law, the city courts and the judges thereof have and exercise all the jurisdiction and powers of the circuit court and the judges thereof; and, when invested with equity jurisdiction, have and exercise all the jurisdiction and powers of the chancery court and chancellors." In section 481 of the Code of 1896, relating to appeals from the justice of the peace court, it is provided that the appeal may be taken to the "circuit court, or court of like jurisdiction." In section 1947 of the Code, which relates to proceedings where a levy is made on land under execution from the justice court, the provision is that the jus-

[Moog v. Doe, *ex dem.* McDermott, *et al.*]

tice shall "thereupon transmit all the papers in the cause to the next circuit court, or court having like jurisdiction." Section 574 of the Code of 1896, which relates to levy of attachment on land issued by a justice of the peace, provides as follows: "When such attachment is levied on real estate, notice must be given as provided for by section 1948 (3360) and the papers after judgment against the defendant, must be returned to the clerk of the circuit court by the justice for an order of sale, as in other cases of levy on lands by constables." It will be observed that the provision, "or other court of like jurisdiction," as contained in sections 481 and 1947, is omitted from section 574. It is contended by the plaintiff, who is the appellee here, that this omission is of no importance or significance, when taking section 574 in connection with section 2 of the act above set out and section 944 of the Code.

The proceedings for the sale of real estate under the levy of a writ of attachment issuing from a justice court are purely statutory, and their validity depends upon a compliance with the requirement of the statute. The omission of the provision, "or other court of like jurisdiction," from section 574, we think, is significant. In *Johnson v. Dismukes*, 104 Ala. 520, 16 South. 424, where this court had under consideration section 1947 of the Code of 1896, it was said: "An essential element of the jurisdiction is that all the papers in the cause in which the judgment was rendered, upon which the execution was issued, shall by the justice be transmitted to the next term, after the levy of the execution, of the court from which it is proposed to obtain the order of sale. This is the plain, unequivocal mandate of the statute, which must be obeyed, or the jurisdiction of the court cannot be called into exerices." Here the plain and unequivocal language of the statute is, in case of a levy of an attachment issuing from a justice court on real estate, the papers must be returned to the clerk of the circuit court. The plain mandate of the statute is that the justice shall return the papers in the case to the clerk of the circuit court, and the duty imposed and which is to be performed by the justice is ministerial and must com-

ply with the requirement of the statute. See *Vann & Wright v. Adams, Thorn & Co.,* 71 Ala. 475; *Nordlinger v. Gordon,* 72 Ala. 239; *Jackson v. Bain,* 74 Ala. 328.

Our conclusion is that the city court was without jurisdiction, and the proceedings held in that court on the motion to sell the land were consequently void. It results that the judgment appealed from must be reversed, and the cause remanded.

Reversed and remanded.

TYSON, ANDERSON, and DENSON, JJ., concur.