(117 So. 667)

### SPARRY v. WOODLIFF. (7 Div. 814.)

Supreme Court of Alabama. June 30, 1928.

Motley & Motley, of Gadsden, for appellant.

Culli, Hunt & Culli, of Gadsden, for appellee.

SAYRE, J. The appeal is based upon alleged error in the proceeding in the circuit court for the sale of land to satisfy the judgment of a justice of the peace.

The proceeding in the circuit court was governed by sections 8745–8748 of the Code, and it must be conceded that it is purely statutory, and the validity of the resulting judgment depends upon a compliance with the requirements of the statute. Moog v. Doe, 145 Ala. 568, 40 So. 390; Johnson v. Dismukes, 104 Ala. 520, 16 So. 424.

1. Appellant contends, for one thing, as we understand her brief, that the judgment rendered by the justice of.the peace was not transmitted to the circuit court. The transcript shows that the justice of the peace, or, more accurately speaking, the judge of the Gadsden inferior court exercising the jurisdiction of a justice of the peace, transmitted to the circuit court a certified statement, among other things, that "1927, July 20—Judgment rendered for the plaintiff and against the defendant," and transmitted "all the papers in said case." This, in our judgment, was a compliance with the statute. The judgment was a quasi record, not a mere paper, such as the summons and complaint, service of process, fieri facias, and notice of levy, which were transmitted, and the judgment now is that the transmission of a certificate of the judgment rendered was, as to that, a compliance with the statute.

2. Section 8748 provides:

"*Record and Writ for Sale of Land.*—The clerk of the court in which the motion is made must record all the proceedings before the justice, together with the return of the constable, the motion of the plaintiff, and the order of the court thereon, and must issue a writ directing the sheriff to sell the land for the satisfaction of the judgment."

The transcript of appeal does not show the motion made in the circuit court for a sale of the land, and, therefore, we must assume that no "record of the motion of the plaintiff" has been made; but the recital of the judgment of the circuit court, shown by the transcript, is as follows:

"Comes now the plaintiff, T. J. Woodliff, by his attorneys, * * * and moves the court to direct a sale of the hereinafter described lands, and submits the following facts."

And thereafter follows a statement of all the facts shown by the record and papers transmitted from the justice of the peace. This judgment of the circuit court is, of course, a part of the record of that court, and shows a compliance with the requirement of the statute in so far as it requires that the motion be recorded.

The foregoing discloses our consideration of the objections taken against the record of the circuit court as shown by the transcript of appeal in this cause, and our opinion that no reversible error has been shown.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.