1 So.2d 651

**WITT et al. v. ROSENBUSH.**

**2 Div. 167.**

Supreme Court of Alabama.

April 17, 1941.

169

Thos. F. Seale, Jr., of Livingston, for appellants.

Ira D. Pruitt and Geo. O. Miller, both of Livingston, for appellee.

BROWN, Justice.

This is a statutory action in the nature of the action of ejectment, instituted by the appellee against appellants for the possession of a house and lot situated in Livingston, Sumter County. At the conclusion of the evidence, the court, at plaintiff's request, gave the general affirmative charge with hypothesis for him, and refused a like charge requested by the defendants.

The parties claim title through a common source, Devie Witt, now deceased. The plaintiff sought to establish title through the levy of an execution issued on a judgment by default rendered by a Justice of the Peace, for want of personal property of the defendant subject to levy, sufficient to satisfy the writ, followed by notice of the levy, and an order of the circuit court, affirming the regularity of the proceedings, and a sale of the property thereunder.

The defendants claim title as the only heirs at law of said Devie Witt, deceased.

The statutes authorizing the proceedings, under which plaintiff claims, Code of 1923, §§ 8745–8748, provide:

§ 8745. "If the defendant has no personal property known to the constable, or if it is insufficient to satisfy the execution, he must indorse the fact upon the execution, and may then levy on land of the defendant subject to execution, describing it in his levy, and make return thereof to the justice, who shall thereupon immediately transmit all the papers in the cause to the circuit court, or court having like jurisdiction."

§ 8746. "If the defendant on whose land the levy is made is a resident of, and within the county, personal notice of the levy must

be given him; otherwise, he must be served by posting a notice in a conspicuous place on the land levied on."

§ 8747. "If the proceedings before the justice are regular, and establish a judgment against the defendant, issue of execution and levy on land for want of personal property, and twenty days' notice thereof, and no sufficient objection is made, the court must, on motion of the plaintiff, direct a sale of the land for the satisfaction of the judgment."

§ 8748. "The clerk of the court in which the motion is made *must record* all the proceedings before the justice, together with the return of the constable, the motion of the plaintiff, and the order of the court thereon, and *must issue a writ directing the sheriff to sell the land for the satisfaction of the judgment.*" [Italics supplied.]

■ The jurisdiction of the circuit court to order a sale of lands upon which execution from a Justice of the Peace has been levied, is statutory and limited, and strict compliance with the statute must appear on the face of the proceedings. Code 1923, § 8747; Johnson v. Dismukes, 104 Ala. 520, 16 So. 424.

■ The statute requires that "all the proceedings before the justice, together with the return of the constable, the motion of the plaintiff, and the order of the [circuit] court," be recorded, and that the clerk must issue "a writ directing the sheriff to sell the land for the satisfaction of the judgment." Code 1923, § 8748. This statute contemplates that the recorded proceeding shall speak for itself, and constitutes a muniment in the chain of title. This record should disclose the service of summons on the defendant in the proceedings before the Justice of the Peace three days before the return day thereof as required by § 8710 of the Code, 1923; the judgment of the Justice of the Peace; issue of execution and levy on land in default of personal property; twenty days' notice of the levy, if the defendant is a resident of the county; if not, by posting a notice in a conspicuous place on the land; return of the levying officer, and the immediate transmission of the papers in the cause to the circuit court, or court of like jurisdiction, and the order of sale. Johnson v. Dismukes, supra; Moog v. Doe, ex dem. McDermott, et al., 145 Ala. 568, 40 So. 390.

■ If the Justice of the Peace did not have jurisdiction of the person and the subject matter, or either, his transmission of the proceedings to the circuit court would not confer jurisdiction on the circuit court. 35 C.J. pp. 565, 566, § 143.

■ However, assuming that the proceedings here involved are regular in all things up to and including the order of sale entered by the circuit court, that order did not authorize nor will it support the issuance of the execution issued by the clerk of the circuit court leviable on "the goods and chattels, lands and tenements of Devie Witt and George Witt, defendants," to satisfy the judgment which the plaintiff recovered of them by the judgment of the Justice of the Peace. The statute clearly contemplates that the land be sold under the venditioni exponas issued by the clerk in pursuance of the order of the circuit court. Ellis, use &c. v. White, 25 Ala. 540.

The execution, the sale thereunder and the deed executed by the sheriff in pursuance thereof are void.

Therefore the defendants, not the plaintiff, are entitled to the affirmative charge.

Reversed and remanded.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.