DOMENGEAUX, Judge.
This is the companion suit to Bize v. Boyer, 402 So.2d 110 (La.App.3rd Cir. 1981). In that case, we affirmed the trial court’s determination that Chester Mabry was negligent, but we reversed the finding *119 that Syble Boyer, the left-turning motorist, was also negligent.
In this case, Syble and Emile Boyer have sued Mabry and his employer, Walker-Roemer Dairies, Inc., for personal injuries, medical expenses, lost wages, and property damages sustained as a result of the accident. For the reasons expressed in the companion suit we reverse the factual finding that Syble Boyer was contributorily negligent.
Since the Boyers’ recovery is no longer barred we will award damages for the losses occasioned by the tortfeasor, Chester Mabry.
The impact of the collision rendered Mrs. Boyer unconscious and fractured her right clavicle. In addition to the fracture, she suffered several cuts and bruises. She was admitted to Huey P. Long Memorial Hospital for three days of treatment and observation following the accident. According to the hospital records in evidence, Mrs. Boyer was last seen at the clinic as an out-patient on December 14, 1976. At that time her fracture had not completely healed.
Apart from the hospital records, the only medical evidence offered on Mrs. Boyer’s behalf was a report prepared by Dr. John T. Weiss on March 16,1979, after an examination conducted three days earlier. Doctor Weiss concluded that Mrs. Boyer’s fracture had healed, and would result in no significant residual impairment. When he examined her, he found that she had some residual sensitivity from lack of use and fear of usage of her arm.
One of Mrs. Boyer’s daughters, Sylvia, testified that she moved from California to her mother’s home shortly after her mother was injured to take care of the elder Mrs. Boyer, and was still living with her at the time of trial over three years later.
For her pain, suffering, and temporary disability, we believe Mrs. Boyer is entitled to an award of $5,000.00. The evidence demonstrates that Mrs. Boyer has experienced significantly less pain, discomfort, and disability than her daughter, Shirley Bize, who was injured in the same accident.
Mrs. Boyer incurred a hospital bill of $205.80 for her three-day stay following the accident. She is entitled to recover this amount. No other medical expenses were proven at trial.
Mrs. Boyer stated that her injury has prevented her from returning to work as a seasonal employee at the Joan of Arc Potato Farm and Plant where she worked forty hours a week, nine months a year, at $2.10 per hour. We believe she is entitled to an award for loss of past wages in the amount of $3,000.00, which is equivalent to one season of missed work. The evidence shows that Mrs. Boyer’s fractured clavicle was not completely healed by December 14, 1976, but an earlier report on November 23, 1976, indicated that the fracture was healing well. Mrs. Boyer is not entitled to a greater award for lost wages because her history of accident related pain and disability is not as compelling as the evidence produced by her daughter. (See quantum discussion in Bize v. Boyer, La.App., 402 So.2d 110. Also, Doctor Weiss’ conclusion that Mrs. Boyer’s residual sensitivity resulted from a lack of use and fear of usage did little to help her case.
Since there is no medical evidence substantiating Mrs. Boyer’s claim that her accident related injury will cause her to lose wages in the future, her claim for future wage loss is denied. Young v. Department of Hospitals, 365 So.2d 848 (La.App. 3rd Cir. 1978), writ denied 368 So.2d 137 (La.1979).
The accident completely demolished the 1969 Chevrolet pickup truck that Syble Boyer was driving. The parties stipulated that the truck, which belonged to Syble Boyer’s husband Emile, had a value of $500.00 on the date of the accident. Accordingly, Mr. Boyer is entitled to recover this amount from the defendants in this suit.
DECREE
For the above and foregoing reasons the judgment of the district court which found *120 Syble Boyer to be contributorily negligent and which dismissed the Boyers’ suit against Chester A. Mabry and Walker-Roemer Dairies, Inc. because of said contributory negligence is reversed and set aside, and it is hereby Ordered, Adjudged and Decreed that there be judgment herein in favor of Syble Boyer and against the defendants, Chester A. Mabry and Walker-Roemer Dairies, Inc., jointly and in solido in the sum of $8,205.80, with legal interest from date of judicial demand; and that there be judgment herein in favor of Emile Boyer and against Chester A. Mabry and Walker-Roemer Dairies, Inc., jointly and in solido in the sum of $500.00 with legal interest from date of judicial demand. All trial and appellate costs are assessed against the defendants, Chester A. Mabry and Walker-Roemer Dairies, Inc.
REVERSED AND RENDERED.