563 So.2d 1309 (1990)
Michael PETER and Sheila Peter, Plaintiffs-Appellees,
v.
ALLSTATE INSURANCE COMPANY, Defendant-Appellant.
No. 89-140.
Court of Appeal of Louisiana, Third Circuit.
June 27, 1990.
*1310 Onebane, Donohoe, Richard J. Petre, Jr., John A. Keller, LaFayette, for defendant-appellant.
McCoy & Hawthorne, Dee A. Hawthorne, Lafayette, for plaintiffs-appellees.
Before DOMENGEAUX, C.J., and GUIDRY and KNOLL, JJ.
DOMENGEAUX, Chief Judge.
Michael Peter was injured when an oncoming vehicle turned into his lane of travel and collided with his motorcycle. Mr. Peter and his wife, Sheila, accepted the policy limits of $10,000.00 from the other driver's insurer as well as an unconditional tender of $5,000.00 from their uninsured motorist carrier, Allstate Insurance Company. The Peters then filed this suit against Allstate, which was ultimately tried by jury.
After the trial judge directed a verdict for the plaintiffs on the issue of liability, the jury awarded Michael Peter $9,000.00 in general damages and $2,712.85 in past and future medical expenses. The jury awarded Mrs. Peter $1,000.00 for loss of consortium. After the trial, the district judge granted Sheila Peter's motion for judgment notwithstanding the verdict and increased her consortium award to $35,000.00.
Allstate appeals the JNOV and its being cast with all court costs. Michael Peter seeks an increase in general damages.

CONSORTIUM
In granting Sheila Peter's motion for JNOV, the trial judge found that "reasonable persons could not fix this woman's damages at one thousand dollars." He concluded that the lowest possible amount that would compensate Mrs. Peter was $25,000.00, but under La.C.C.P. art. 1811, he was authorized to render an "appropriate" award, which he determiend to be $35,000.00. While we agree that the jury award was unreasonably low, we can find no basis in the record for either amount suggested by the trial judge.
Michael Peter sustained a displaced comminuted fracture of the right clavicle and a fractured left big toe. For six weeks, he was required to wear a "figure of eight" splint which immobilized his shoulders and upper arms. During this time, Mrs. Peter became responsible for all aspects of her husband's personal hygiene. She bathed him, dressed him, combed his hair, etc., on a daily basis.
In addition to this personal care, Mrs. Peter actually assumed some of her husband's job duties. As the manager of a *1311 convenience store, Mr. Peter was responsible for stocking the shelves, moving boxed goods, and sweeping and mopping the store and its parking lot. Although Mr. Peter returned to work within two weeks of the accident, when he could do light paperwork and could operate the cash register, he still could not complete these physical tasks. To prevent her husband from losing his job, Mrs. Peter performed these, and other of her husband's job duties requiring physical labor, for a period of three months. Given these facts, we agree with the trial court that reasonable minds could not have fixed Mrs. Peter's damages at $1,000.00.
The standard for increasing a jury's award by JNOV is set forth in Scott v. Hospital Service District No. 1, 496 So.2d 270 (La.1986):
When there is a jury, the jury is the trier of fact. LSA-C.C.P. art. 1736.
The rules governing a motion for judgment notwithstanding a verdict are found in LSA-C.C.P. art. 1811. The article does not specify the grounds on which the trial judge may set aside a jury verdict. The Official Revision Comments state that "a judgment N.O.V. is based on a different standard [from additur and remittur]namely, that based on the evidence there is no genuine issue of fact. Thus, where the trial court is convinced that, under the evidence, reasonable minds could not differ as to the amount of the damages [or as to liability], it should have the authority to grant the appropriate judgment notwithstanding the verdict."
As a reviewing court, we must determine whether the trial judge's conclusion as to damages is manifestly erroneous. Webb v. Goodley, 512 So.2d 527 (La.App. 3rd Cir. 1987).
Awards above $25,000.00 for loss of consortium have generally involved a permanent disruption in the marital relationship created by one spouse's severe, often disabling, injuries. See Mercer v. Fruehauf Corporation, 492 So.2d 538 (La.App. 3rd Cir.1986), writ denied, 496 So.2d 350 (La. 1986), $25,000.00 affirmed, where a spouse's deteriorating back condition caused a fear of paralysis and disruption of family life; Scott v. Hospital Service District No. 1, supra, $50,000.00 affirmed, where a spouse's permanent vascular and orthopedic injuries produced a 100% functional disability; and Tracy v. Parish of Jefferson, 523 So.2d 266 (La.App. 5th Cir. 1988), writ denied, 530 So.2d 569, reconsideration denied, 532 So.2d 141 (La. 1988), $75,000.00 affirmed, where multiple injuries resulted in 55% to 60% total permanent disability and the marriage deteriorated to the point where the wife required psychiatric care.
Although the loss of her husband's services during his recuperation created a substantial hardship for Mrs. Peter, the record reveals the couple has now resumed a normal relationship. In similar cases, awards of $10,000.00 for loss of consortium have been affirmed. See Sexton v. Louisiana Vaucum Services, Inc., 506 So.2d 780 (La. App. 1st Cir.1987), and Kimble v. Wal-Mart Stores, Inc., 527 So.2d 1163 (La.App. 3rd Cir.1988), modified 539 So.2d 1212 (La. 1989). Because of the unusual facts of this case, in that Mrs. Peter actually assumed her husband's job responsibilities, as well as his personal care, we are inclined to think that a higher award might be appropriate. However, as a reviewing court, we may only increase the jury award to the lowest amount supported by the record. We therefore render judgment in favor of Mrs. Peter for $10,000.00.

GENERAL DAMAGES
The jury itemized Michael Peter's general damage award as follows:

Physical pain and suffering .......$5,000.00
Mental anguish ....................$3,000.00
Disability and disfigurement ......$1,000.00

Mr. Peter's right clavicle was fractured in four places. Additionally, he sustained a fracture in the last joint of the great left toe.
*1312 Although the clavicle fracture healed well, it produced a spike, or a boney protrusion, on the right clavicle. From the photographs ;and other evidence, it is clear that this condition is more than just a cosmetic deformity in that it can be easily aggravated by such daily activities as wearing a seat belt or carrying a shoulder bag. The spike could be surgically corrected, but that procedure would involve general anesthesia and a recuperative period of four to six weeks. Under the circumstances, we find the jury clearly erred in awarding only $1,000.00 for disfigurement and $5,000.00 for physical pain and suffering.
Defendant relies on Boyer v. Walker Roemer Dairies, 402 So.2d 118 (La.App. 3rd Cir.1981), which affirmed a $5,000.00 general damage award for a fractured right clavicle. However, we find that case distinguishable in that it contains no information on the severity of the fracture or on the plaintiff's recuperative period. In the instant case, the plaintiff sustained a severe fracture and endured a protracted and painful healing process. Although the injury did not result in a functional disability, it did produce a residual and painful disfigurement which may require further surgical intervention. Additionally, the plaintiff sustained a fracture of the left big toe, which resulted in a 5% disability of that toe. We find the lowest award supported by the evidence to be $15,000.00 in general damages.
For the above and foregoing reasons, the judgment of the district court is affirmed, but as amended herein. Allstate Insurance Company is to pay all costs of trial, but costs of this appeal are to be shared by the plaintiffs and the defendant.
AFFIRMED, AS AMENDED.
GUIDRY, J., concurs in the result.