**Olan J. GUILBEAU, Sr., et al.**

v.

**W.W. HENRY COMPANY, et al.**

**Civ. A. No. 87–1750.**

United States District Court,
W.D. Louisiana,
Lafayette Division.

June 13, 1994.

Elwood Clement Stevens, Jr., Kleinpeter Schwartzberg & Stevens, P.L.C., Morgan City, LA, Charles K. Hutchens, Kent Mercier, Mercier & Duhon, Lafayette, LA, Benton Musslewhite, Mary B. Martin, Elizabeth Burkhardt, David Crump, Houston, TX, for plaintiffs.

Gregory K. Moroux, Bradley J. Haight, Voorhies & Labbe, E. Gregory Voorhies, Lafayette, LA, for W.W. Henry Co., Truck Ins. Exchange.

H. Lee Leonard, Donna R. Moliere, Leonard & Leonard, Lafayette, LA, for Champion Intern. Corp., Champion Bldg. Products.

John Powers Wolff, III, Keogh Cox & Wilson, Baton Rouge, LA, for Mobile Home Industries Inc., Housing By Tiffany Inc.

Jeffrey Allan Rhoades, Davidson Meaux Sonnier McElligott & Swift, Lafayette, LA, for CMH of Florida Inc., Clayton Homes Inc.

Vance A. Gibbs, Bradley C. Myers, Kean Miller Hawthorne Darmond McCowan & Jarman, Baton Rouge, LA, Brian F. Blackwell, Shreveport, LA, for Georgia Pacific Corp.

Russ M. Herman, Morton H. Katz, Herman Herman Katz & Cotlar, New Orleans, LA, for Weyerhauser Co.

James R. Nieset, Plauché Smith & Nieset, Lake Charles, LA, for Temple–Inland Forest Products Corp.

J. Warren Gardner, Jr., Christovich & Kearney, New Orleans, LA, for Liberty Mut. Ins. Co.

Arthur I. Robison, Allen & Gooch, Lafayette, LA, for Home Indem. Co.

Harry J. Philips, Jr., Taylor Porter Brooks & Philips, Baton Rouge, LA, for Louisiana Pacific Corp.

John A. Jeansonne, Jr., Jeansonne & Briney, Lafayette, LA, for Borden Inc.

Keith Michael Borne, Rebecca Feeney Doherty, Sylvia S. Lowe, Onebane Donohoe Bernard Torian Diaz McNamara & Abell, Patrick J. Hanna, Rabalais Hanna & Hays, Lafayette, LA, for Salem Carpet Mills.

Elwood Clement Stevens, Jr., Kleinpeter Schwartzberg & Stevens, Morgan City, LA, for Kleinpeter Schwartzberg & Stevens.

Michael W. Adley, Judice Hill & Adley, Lafayette, LA, for Elwood C. Stevens.

NAUMAN S. SCOTT, District Judge.

*RULING*

## I. INTRODUCTION.

Before the court is a Rule 50 Post–Trial Motion for Judgment as a Matter of Law and Rule 59 Motion for New Trial filed by defendants W.W. Henry Company (Henry) and Truck Insurance Exchange (Truck Insurance), and opposed by plaintiffs Olan J. Guilbeau and Macklyn Guilbeau. Defendants seek a post-trial judgment as a matter of law under Fed.R.Civ.P. 50 in their favor and, alternatively, request a new trial or remittitur under Fed.R.Civ.P. 59.

## II. LOSS OF CONSORTIUM AWARD TO MACKLYN GUILBEAU.

The only plaintiff in this case who had any possible contact with the glue manufactured by the defendant, W.W. Henry Company, was Olan J. Guilbeau. His damages are alleged in general language in interrogatory 3.1. They can be more specifically described as occasions of emotional outbursts when confronted by stressful conditions and periods of depression brought on by exposure to organic solvents on August 14–16, 1986. These conditions are slightly improved.[1] He had complained to his employer for more than a year prior to the incident of August 14, 1986 about the odor in his office that no one else seemed to notice. Consequently, his employer did nothing to ease the situation until the repair activities began in August 14, 1986. He is nauseated or sickened by the odor of many products in daily use in homes and in public, such as cleaning fluids, perfumes, hair spray, deodorant, shampoo, detergents, smoke and the like. Incredibly cigarette smoke which is heavily laced with toxic solvents, does not irritate him. He is a chain smoker, as he has been for many years. He continues to smoke two and one-half to four packages of unfiltered Pall Mall cigarettes daily and has no complaints when others smoke cigarettes in his presence. This enigma is unexplained and beyond understanding. Although he can and does go out in public when desirable or necessary, the effect of these substances on him limits such excursions. It also limits his and his wife's contact with friends and members of his family. It also creates stress in his homelife with Mrs. Guilbeau. He has described himself as having been a workaholic since it was

1. *See* Exhibits P–68, D–2 and D–3 which were admitted without objection in lieu of the appearance of Olan J. Guilbeau, Sr.

necessary to work weekends as well as weekdays in his job as a salesman of mobile homes. He alleged loss of earning capacity and the enjoyment of life. For these injuries the jury awarded him two million dollars.

The damage interrogatory in the verdict reads as follows:

3.

What sum of money, if paid now in cash, would reasonably compensate Olan Guilbeau and Macklyn Guilbeau for their damages, if any? You should consider the following elements of damages to the extent that you find them established by a preponderance of evidence. Answer in dollars and cents, if any.

| | Past & Present | Future |
|---|---|---|
| 1. Olan Guilbeau's physical pain and suffering; mental anguish and suffering, including such items as fear, anxiety, humiliation, embarrasment [sic], and nervousness; Olan Guilbeau's disability; Olan Guilbeau's hospital, medical, nursing, drugs, and other related expenses; Olan Guilbeau's loss of earning capacity; Olan Guilbeau's loss of enjoyment of life, that is the normal ability to enjoy the pleasure and pursuits of life. | 1.0M | 1.0M |
| 2. Macklyn Guilbeau's mental pain and suffering, including such items as fear, anxiety, humiliation, embarrasment [sic], and nervousness; Macklyn Guilbeau's loss of enjoyment of life, that is the normal ability to enjoy the pleasure and pursuits of life; Macklyn Guilbeau's loss of value of household services of Olan Guilbeau; Macklyn Guilbeau's loss of consortium. | 450K | 450K |

---

It is clear that interrogatory 3.2 of the verdict of is an absolute error as a matter of law. It lists as possible damages to Macklyn Guilbeau many of the same damages alleged in favor of Olan Guilbeau in interrogatory 3.1 and then adds "consortium" as an additional damage. Macklyn Guilbeau had no contact whatsoever with W.W. Henry Company or the Henry glue and she has no direct cause of action against defendant Henry or any of the numerous damages alleged in interrogatory 3.2, except loss of consortium. As the wife of Olan Guilbeau she will enjoy with him many of the fruits of his award. Her only cause of action against W.W. Henry Company is that she is the wife of Olan Guilbeau and as such can claim loss of consortium.

The record reflects that the Guilbeaus have had a successful solid marriage both before and after the incidents of August 1986 with no discernable danger of dissolution. Although his wife declares that he is not as helpful around the house as he previously was, it is certain that the two million dollar award in his favor should help to mitigate this deficiency in their household. Mr. Guilbeau is fully capable of managing his own affairs, he is ambulatory and has no physical deficiencies which have prevented him from taking care of himself during Mrs. Guilbeau's absence from home. If this were not so, she could not continue to hold a full-time job with Dr. Callender as an administrative clerk.

Under Louisiana law, the elements of a loss of consortium claim can be broken down into seven kinds of compensable losses: (1) love and affection; (2) society and com-

panionship; (3) sexual relations; (4) performance of material services; (5) support; (6) aid and assistance; and (7) felicity. *Finley v. Bass*, 478 So.2d 608 (La.App. 2d Cir.1985); *see also Terro v. Casualty Reciprocal Exchange*, 631 So.2d 651, 657 (La.App. 3d Cir. 1994) (listing the elements of a loss of consortium claim into "loss of society, sex, service, and support"). Significantly, Louisiana courts have recognized that "loss of consortium" does not include mental anguish suffered by an uninjured spouse and have consistently held that mental anguish is not compensable as a separate item of damage under La.Civ.Code art. 2315(B), Louisiana's loss of consortium provision. *See, e.g., Vicknair v. Dimitryadis*, 640 So.2d 275, 280 (La.App. 4th Cir.); *Sharp v. Metropolitan Property and Liab. Ins. Co.*, 478 So.2d 724, 728 (La.App. 3d Cir.1985).

■ To determine whether the jury's award to Macklyn Guilbeau is excessive, the award at issue must be compared with rulings in other factually similar cases decided under Louisiana law. *Douglass v. Delta Air Lines, Inc.*, 897 F.2d 1336, 1339 (5th Cir. 1990). According to the court in *Vicknair*, "Louisiana appellate courts do not favor high consortium awards ... [had] [t]he general range appears to be between $5,000 and $10,000, with generally high awards having been reduced." 640 So.2d at 280. But, higher consortium awards have been upheld in cases where the evidence suggests that the injuries to the injured spouse are permanent, severely disabling, and have caused a major disruption to the marriage. *See Peter v. Allstate Ins. Co.*, 563 So.2d 1309, 1311 (La.App. 3d Cir.1990) ("Awards above $25,000 for loss of consortium have generally involved a permanent disruption in the marital relationship created by one spouse's severe, often disabling, injuries.").

In *Mercer v. Fruehauf Corp.*, 492 So.2d 538, 544 (La.App. 3d Cir.1986), a $25,000 consortium award was affirmed where the plaintiff's injuries required his spouse's assistance "in almost every aspect of his daily life" and caused "a significant change in the lifestyle of herself and her children." Consortium awards of $50,000 have, on occasion, been upheld by Louisiana appellate courts

when the plaintiff has suffered physical and psychological injuries that are severely debilitating and irreversible. *See Scott v. Hospital Serv. Dist. No. 1*, 496 So.2d 270, 275 (La.1986) ($50,000 consortium award upheld where plaintiff suffered vascular and orthopaedic problems resulting in a 100% functional disability); *Hines v. Remington Arms Co., Inc.*, 630 So.2d 809, 818–819 (La.App. 3 Cir. 1993) ($50,000 consortium award upheld where spouse "will have to endure [plaintiff's] severely diminished physical and psychological condition for the remainder of [plaintiff's] life"). A Louisiana court has, on one occasion, upheld a consortium award of $75,000, where the plaintiff's permanent physical disabilities resulted in a deterioration of the marriage to the point where the spouse required psychiatric care. *Tracy v. Jefferson Parish*, 523 So.2d 266, 277 (La.App. 5th Cir.1988).

Since the Fifth Circuit follows the "maximum recovery rule," under which remittitur can only reduce a verdict to the "maximum amount the jury could properly have awarded," our inquiry is limited to determining the maximum recovery the jury could have awarded Macklyn Guilbeau for loss of consortium in this case. *Caldarera v. Eastern Airlines, Inc.*, 705 F.2d 778, 784 (5th Cir. 1983). Our quantum review of the Louisiana loss of consortium cases reveals that the maximum amount the jury could have properly awarded Macklyn Guilbeau is $50,000. Both *Scott*, 496 So.2d at 275, and *Hines*, 630 So.2d at 818–19, affirmed consortium awards of $50,000 in cases, similar to this one, which involved severe and permanent physical and psychological injuries to the plaintiff that have had a significant effect on the marriage. Although we are aware of one case which upheld a $75,000 consortium award, the loss of consortium in that case resulted in a deterioration of the marriage to the point where the spouse required psychiatric care and is distinguishable because no such deterioration has occurred here. *Tracy*, 523 So.2d at 277. We find, therefore, that the maximum recovery the jury could have awarded Macklyn Guilbeau for loss of consortium under Louisiana law is $50,000 and remittitur is appropriate in that amount.

■ When a district court determines that a jury verdict is excessive, the court may

order a new trial on that issue or the court may enter a conditional remittitur. *See* 11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2815 (1973). A conditional remittitur conditions the denial of the motion for new trial upon the acceptance by the plaintiff of the reduced amount. "In this way[,] the plaintiff is given the option of either submitting to a new trial or accepting the amount of damages that the court considers justified." *Id.* This practice, which has been approved by the Fifth Circuit on several occasions, effectively balances the constitutional right to a trial by jury with the well-established power of courts to grant remittitur. *See Hemingway v. Ochsner Clinic,* 722 F.2d 1220, 1224 (5th Cir.1984); *Keyes v. Lauga,* 635 F.2d 330, 336 (5th Cir.1981); *Gorsalitz v. Olin Mathieson Chemical Corp.,* 429 F.2d 1033, 1041 (5th Cir.1970). Accordingly, the conditional remittitur remedy is appropriate in this case and the court will allow plaintiffs to accept a consortium award of $50,000. If plaintiffs decline that award, the court will grant a new trial solely on the issue of loss of consortium damages.

### III. CONCLUSION.

For the foregoing reasons and in accordance with the "maximum recovery rule" and the conditional remittitur remedy, the loss of consortium award of $900,000 to Macklyn Guilbeau is hereby conditionally reduced to $50,000. If the plaintiffs should forego acceptance of this amount, the consortium award is hereby vacated and a new trial is granted pursuant to Fed.R.Civ.P. 59 solely on the issue of loss of consortium damages.

Accordingly, it is ORDERED that the verdict be set aside and that there be a new trial on the issue of loss of consortium damages, unless plaintiffs enter a remittitur of $850,-000 within ten days, in which event judgment will be entered in the amount of $2,050,000.

In all other respects, W.W. Henry Company's Rule 50 Post–Trial Motion for Judgment as a Matter of Law and Rule 59 Motion for New Trial are **DENIED**.