365 So.2d 848 (1978)
Clara YOUNG, Plaintiff-Appellee,
v.
DEPARTMENT OF HOSPITALS, Defendant-Appellant.
No. 6679.
Court of Appeal of Louisiana, Third Circuit.
November 15, 1978.
Rehearing Denied January 10, 1979.
Writ Refused February 23, 1979.
*849 Donald E. Puckett, Baton Rouge, for defendant-appellant.
P. Spencer Torry, Alexandria, for plaintiff-appellee.
Before CULPEPPER, GUIDRY and FORET, JJ.
GUIDRY, Judge.
The appellee in this case, Ms. Clara Young, is a 57 year old woman who cut her leg in the waiting room of the Huey Long Memorial Hospital in Pineville, Louisiana, on August 4, 1976 at approximately 5:00 p. m. Ms. Young had accompanied her mother to the hospital's emergency room, and was awaiting medical attention for her mother at the time of the accident. After her mother's name had been called to enter an examination room, the plaintiff walked past the first chair in the first line of chairs in the waiting room and sustained a severe cut on her left leg. The record reflects that *850 this wound was "U" in shape, with the bottom loop beginning approximately 10" from the floor, the point of the "U" on the right side being approximately 12" from the floor, and the point of the "U" on the left side being approximately 14" from the floor. On the evening of the accident, there were three employees of the hospital on duty in the emergency room waiting area: Mr. Willie James Dunkley, a nurse's aide; Ms. Ada Collins, also a nurse's aide; and Mrs. Sheila Bardwell, a registered nurse. Mrs. Bardwell was in charge of the emergency room on the evening of the accident.
Ms. Young testified at trial that when she brushed up against the chair, she looked down and observed a "little sharp end" or ". . . a little round . . . metal thing on the side of the chair . . .". This protrusion, she testified, had been about the length of her index finger, or approximately 3½ long. Mrs. Bardwell testified that approximately 2 or 3 minutes after the accident she inspected the chair, alleged by the appellee to have caused the injury, and was unable to find any protrusion, sharp edge or abnormality in the chair's construction. Mr. Dunkley, who assisted Ms. Young into a wheelchair and into an examination room for treatment testified that 45 minutes after the accident he also inspected the chair which Ms. Young claimed had cut her, but was likewise unable to find any sharp edges or protrusions on it.
Mr. Dunkley and Mrs. Bardwell testified that it was the normal procedure of the hospital maintenance staff to clean the waiting room once every day during the 11 p. m.-7 a. m. shift, with the exception of Friday and Saturday nights. These testified that this cleaning procedure entailed stacking all of the chairs on the side of the room, inspecting them to see if any needed to be removed for defects, and then scrubbing the floor. Any broken or defective chairs would then be placed outside or at the nurse's station. The accident occurred on a Wednesday evening, and presuming the normal maintenance procedures had been followed, the waiting room chairs would have been inspected for defects the day before the accident. Both Mr. Dunkley and Mrs. Bardwell further testified that to their knowledge no chairs had been removed from the waiting room because they were found to be defective on the day of the accident.
No witnesses came forth at trial who actually saw Ms. Young cut her leg on the chair. Mr. Dunkley and Mrs. Bardwell were able only to testify that when they heard the appellee scream, they attended to her immediately. Only Ms. Young herself could testify as to what actually caused her injury.
In his written reasons for judgment, the trial judge concluded as a matter of fact that Ms. Young's injury was caused by brushing up against a chair in the waiting room of Huey Long Memorial Hospital, and that the most reasonable conclusion to make based upon the evidence presented would be that the chair must have been defective in some manner to have caused such an injury. The court found that exposing the public to this hazard constituted negligence on the defendant's part, and awarded the appellee recovery as follows:

For pain, suffering and
 disfigurement ....................$ 8,000.00
For lost wages for the
 period of August 4, 1976
 to December 17, 1976 ............. 720.00
For future lost wages subsequent
 to December 17, 1976 ............. 8,320.00
For medical supplies .............. 14.50
 __________
 TOTAL $17,054.50

Appellant herein appeals the decision of the trial court insofar as it found the appellant negligent, and in the alternative urges that the amount which the court awarded appellee for pain, suffering and disfigurement, and for future lost wages is excessive.
There is no evidence in the record to controvert the conclusion that on August 4, 1976, when Ms. Young entered the Huey Long Memorial Hospital, there was nothing physically wrong with her left leg, and that this injury was sustained while she was in the hospital waiting room. Plaintiff testified *851 that she cut herself on a 3½ metal protrusion coming from one of the chairs. Witnesses for the defense testified that they had been unable to find any such protrusion when they inspected the chair. The trial court concluded that appellee had in fact cut herself on a chair and that the chair was defective.
Presumably, the trial court also found that appellant had not acted reasonably in the management of its property in failing to discover an unreasonably dangerous condition on the premises and either correct it or warn of its existence. Shelton v. Aetna Casualty & Surety Company, 334 So.2d 406 (La.1976). Clearly the trial court was in the best position to evaluate the testimony of the witnesses before it, and on the basis of the record, we are unable to find manifest error in the trial court's resolution of this issue. Canter v. Koehring Co., 283 So.2d 716 (La.1973). Accordingly, we affirm the trial court's resolution of this issue.

QUANTUM
Immediately following the accident, a doctor attended the plaintiff for approximately 45 minutes, cleaning and suturing the wound and administering medication to avoid infection. Ms. Young returned to the hospital as an out-patient eleven times for follow-up treatment and was discharged on November 3, 1976. Medical reports admitted into evidence indicated that the plaintiff experienced infection and swelling of the wound, and that edema was present in early October. She was advised by physicians to keep her leg elevated, and to wear surgical hose. Plaintiff testified that she was still experiencing pain in her leg at the time of trial, some thirteen months after the accident. As is apparent from the photographs admitted into evidence, the wound has left a prominent and permanent scar on the plaintiff's leg. For this pain and suffering and for permanent disfigurement, the trial court awarded Clara Young $8,000.00.
Before this court can disturb an award made by a trial court, the record must clearly reveal that the trier of fact abused its much discretion in making its award. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977). Taking into consideration the complications involved in the healing process and the fact that the plaintiff is a 57 year old female who will be permanently scarred, we do not find an abuse of discretion on the part of the trial court in setting this award.
For wages which would be lost by the plaintiff for the period from December 17, 1976 until she reached age 65, the trial court awarded Ms. Young $8,320.00. Plaintiff's former employer, Mrs. Mary Ann Villard, testified that at the time of the accident the plaintiff was employed by her as a domestic earning $40.00 per week. On the day of the accident, Ms. Young, who was then on vacation, called Mrs. Villard and told her that she would no longer be able to work for her due to her injury. Mrs. Villard thereupon asked her sister to come in and take over the plaintiff's duties.
Ms. Young testified that due to pain and swelling in her leg, she has not been able to return to full-time work. She has taken several part-time jobs, but earns a total of $20.00 per week, one half the amount she was earning at the time of the accident. The trial court's award was based upon a weekly loss of $20.00 which the plaintiff had allegedly suffered from December 17, 1976 and would continue to suffer until the end of her work life expectancy at age 65. We find the trial court's award for loss of future earnings to be clearly in error.
The latest medical record admitted into evidence is dated November 3, 1976. In this report, the wound was found to be completely healed, without the presence of infection or edema. There is no indication whatever in this report, nor in any of the medical reports admitted in evidence that the plaintiff would suffer any residual disability as a result of this cut on her leg. No physician testified that Ms. Young was unable to return to full time work after her wound had healed. Likewise, there is no evidence in the record to indicate that Ms. *852 Young saw any doctor after November 3, 1976, or was prescribed any medication because her leg was swelling or causing her pain. The plaintiff's contention that she is unable to resume full time employment due to her injury is based purely upon her own uncorroborated testimony.
There is no medical evidence whatever to support the plaintiff's claim of continued disability for the remainder of her work life expectancy. We find that the most liberal interpretation of the medical evidence justifies the conclusion that if Ms. Young was rendered incapable of performing full time work by her injury, such disability did not extend beyond November 3, 1976. The absence of either medical or lay testimony, to the contrary, other than the self-serving testimony of plaintiff, supports this conclusion.
The burden of proving both the existence of the injuries of which she complains and the causal connection between them and the accident rests with the plaintiff. Such proof must be shown to a legal certainty and by a reasonable preponderance of the evidence. A mere possibility is insufficient. Livaccari v. United Jewish Appeal, Inc., 126 So.2d 67 (La.App. 4th Cir., 1961) cert, den., March 3, 1961; Stevens v. Gulf Am. Fire and Casualty Co., 317 So.2d 199 (La.App. 1st Cir., 1975), reh. den. August 26, 1975. The uncorroborated testimony of the plaintiff to the effect that she can no longer work full time does not prove to a legal certainty that she is so disabled.
We find that Ms. Young is not entitled to any recovery for future lost wages subsequent to December 17, 1976. We therefore reverse the judgment of the trial court insofar as it awarded to the plaintiff the sum of $8,320.00 for the loss of such future wages.
Appellant does not question the trial court's award for medical supplies nor for lost wages from the date of the accident on August 4, 1976 until December 17, 1976, and therefore these awards will stand.
For the above and foregoing reasons, we amend the decision of the trial court to disallow the award to Clara Young of $8,320.00 for future wages, thereby reducing her award to $8,734.50. In all other respects the judgment appealed from is affirmed. All costs of this appeal are to be paid by appellant.
AMENDED AND AFFIRMED.