PONDER, Judge.
Plaintiff appealed from an award for personal injuries sustained in an automobile accident, asking for an increase. Defendants answered the appeal and asked that the award be reduced.
*1250 The only issue is quantum.
We affirm.
Since liability, coverage and defendant’s policy limits were stipulated, the only contest was over the nature and extent of plaintiff’s injuries.
Plaintiff saw Dr. Walker about a week after the accident with complaints of injuries to his knees, head, neck and upper back. He saw Dr. Walker again approximately two weeks later, and complained of back and leg pain. The doctor testified that plaintiff’s neck had improved on the second visit.
Plaintiff saw Dr. J. Fraser, an orthopedic surgeon, three months after the accident complaining of pain in the lower back. The doctor injected the sore area with cortisone on two occasions and referred the plaintiff to a neurosurgeon.
About seven months after the accident, plaintiff saw Dr. J. Clifford, a neurosurgeon, who found a mild amount of bilateral lumbar paraspinous muscle spasm. A mye-logram revealed a bulging disc at L-4. A second myelogram confirmed the diagnosis. Dr. Clifford felt that the problem with the disc condition was aggravated by the accident, but was not caused by it. He suggested that the plaintiff not work more than eight hours a day and assigned a ten percent disability.
Plaintiff also went to see a chiropractor who diagnosed his problem as a nerve root irritation at the L 4-5 level and pressure on the sciatic nerve. He felt that plaintiff should not presently be working.
Plaintiff had been seen by a doctor prior to the accident with complaints of pain in the lower left leg and back. The problem was eventually diagnosed as peripheral neu-ropathy, a disfunction of the nerves due to various causes.
The trial court, in written reasons, held that the bulge at L-4 pre-existed the accident, but was aggravated by it. The result was a 10% physical impairment and probable surgery earlier than would have otherwise been necessary. The trial judge found that although some testimony indicated that the injury had limited plaintiff’s earning capacity, there was no evidence of past lost wages and the evidence of future loss was speculative. The court awarded $20,-000.00 in general damages and $2,746.82 in special damages.
Plaintiff, who is a heavy equipment operator relatively uneducated, first argues that he should have been compensated for his loss of earning capacity. The testimony of co-workers indicated that plaintiff could no longer operate heavy machinery without taking breaks and that other workers were helping him get his work done. The assistant business manager testified that he had received some complaints on plaintiff’s work since the accident and that plaintiff had refused some jobs because of his back condition. An economics expert calculated the present value of plaintiff’s earning capacity and the loss he would sustain if he could only find a job paying minimum wages.
The evidence showed that although there was a decrease in plaintiff’s salary in the year 1978, plaintiff’s wages for the year 1980, up to the date of the trial in November, constituted a substantial increase over the past years. His hourly wages had also increased since the accident.
To recover for permanent partial physical function disability, claimant must prove that either he cannot work or, if he can, it is at a lesser paying job. Profit v. Linn, 346 So.2d 253 (1st Cir. 1977). The proof of loss of future earnings must be with reasonable certainty. Speculation, probabilities and conjecture cannot form the basis for such an award. Chaney v. Our Lady of Fatima Catholic Church, 391 So.2d 501 (3d Cir. 1980). Plaintiff has not carried his burden of proving the loss with a reasonable certainty.
The trial court found that the evidence showing that plaintiff’s earning capacity had been curtailed was speculative and insufficient to support an award. The reasons noted that the testimony came from witnesses who were obviously over eager to assist the plaintiff. We cannot say that the *1251 trial court’s finding on contradictory evidence was manifestly erroneous.
Plaintiff next argues that plaintiff should have been awarded damages for the injury he received to his teeth and mouth. Plaintiff testified that although his teeth were “warped from chewing tobacco”, his front teeth were “busted and chipped” and his partial plate was broken, by the accident. A dentist, who examined plaintiff three years after the accident, stated that two teeth which were fractured could have been injured due to the accident but that the breakdown and erosion of plaintiff’s teeth was not due primarily to the accident. There was no evidence as to the cost to fix the broken plate.
The trial judge decided that the dental problem did not result from the accident. Plaintiff has the burden of proving the causal connection between the injury received and the accident by a reasonable preponderance of the evidence. Young v. Department of Hospitals, 365 So.2d 848 (3d Cir. 1978), writ denied 368 So.2d 137 (La.1979). The trial court has not abused its much discretion.
Plaintiff argues that the $20,000.00 awarded to the plaintiff in general damages should be increased to at least $60,000.00 and defendant asks that the amount be reduced to $15,000.00. Counsel for both parties have cited eases in support of their respective positions. However, the record does not clearly reveal that there was an abuse of discretion in making this award and it must remain undisturbed. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
For these reasons, the judgment of the trial court is affirmed with costs assessed to the appellant.
AFFIRMED.